# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |  |
|---|---|
| **EVELYN L. MIDDLETON**, *pro se*, <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES DEPARTMENT OF LABOR**, <br><br> Defendant. | Case No. 1:17-cv-00878 (TNM) |

## MEMORANDUM OPINION

Plaintiff Evelyn L. Middleton, *pro se*, has sued the U.S. Department of Labor ("DOL") alleging negligence and breach of fiduciary duties under the Employee Retirement Income Security Act ("ERISA") and the Federal Tort Claims Act ("FTCA"). The DOL seeks to dismiss the Second Amended Complaint under, among other defenses, the doctrine of *res judicata*. Because there has already been exhaustive litigation between the same parties involving the same cause of action and there has been a final, valid judgment on the merits by a court of competent jurisdiction, *res judicata* precludes further litigation of Ms. Middleton's claims related to her retirement account. As a separate basis for dismissal, her claims fail to state a claim on which relief can be granted.[1] Accordingly, the Defendant's Motion to Dismiss will be granted, and the Second Amended Complaint will be dismissed with prejudice. The Plaintiff's pending Motion for Summary Judgment will also be denied as moot.

---

[1] Because Ms. Middleton's claims are barred, at minimum, on the independent bases of *res judicata* and failure to state a claim on which relief can be granted, it is not necessary to address the DOL's sovereign immunity and statute of limitations defenses.

# I.

Ms. Middleton filed a complaint with the DOL in June 2001 alleging that her former employer, Centra Health, and her retirement benefits planning company, American General Company, mishandled her retirement account. Second Am. Compl. ("SAC") 2, ¶ 1, ECF No. 22. She contends that, as a result of her complaint, DOL won a $19 million claim against American General in 2002 and that she never received those funds. *Id.* at 4, ¶ 9. Ms. Middleton also asserts that she subsequently dealt with several DOL officials who allegedly made "verbal and written misrepresentations" regarding her complaint. *Id.* at 13 at "Bases for Injury" ¶¶ 2, 4. She bases her claims on ERISA, 29 U.S.C. § 1001 *et seq.*, and the FTCA, 28 U.S.C. §§ 1346(b), 2671 *et seq.*, alleging negligence and breach of fiduciary duties by the DOL. *Id.* at 1-2, ¶¶ A, C. Ms. Middleton has filed or attempted to file at least 18 lawsuits in the Western and Eastern Districts of Virginia related to this cause of action. *See, e.g.*:

> *Evelyn L. Middleton v. United States Department of Labor*, 4:06-cv-00072 (E.D. Va.) (Dismissed pursuant to motion by Friedman, J.);
> *Evelyn L. Middleton v. United States Department of Labor et al.*, 4:07-cv-00080 (E.D. Va.) (Voluntary dismissal);
> *Evelyn L. Middleton v. United States Department of Labor and Internal Revenue Service*, 4:10-cv-00072 (E.D. Va.) (Dismissed *sua sponte* by Friedman, J.);
> *Evelyn L. Middleton v. United States of America and Department of Treasury*, 4:10-cv 00088 (E.D. Va.) (Dismissed *sua sponte* by Friedman, J.);
> *Evelyn L. Middleton v. United States of America and Department of Treasury*, 4:11-cv 00029 (E.D. Va.) (Dismissed *sua sponte* by Davis, J.);
> *Evelyn L. Middleton v. United States of America*, 4:1l-cv-00059 (E.D. Va.) (FTCA claim dismissed pursuant to motion by Davis, J.);
> *Evelyn L. Middleton v. United States of America*, 4:1l-cv-00142 (E.D. Va.) (Originally filed in Williamsburg/James City County Circuit Court as *Evelyn Middleton v. Lawrence R. Leonard and Jerome Friedman* and removed to federal court; dismissed pursuant to motion by Davis, J. and imposed pre-filing restrictions);
> *Evelyn L. Middleton v. United States of America*, 4:12-cv-00129 (E.D. Va.) (Dismissed pursuant to motion by Davis, J.);
> *Evelyn Middleton v. United States of America*, 6:12-cv-00022 (W.D. Va.) (Dismissed pursuant to motion by Moon, J.);
> *Evelyn L. Middleton v. United States of America*, 6:12-cv-00041 (W.D. Va.) (Dismissed pursuant to motion by Moon, J.);

> *Evelyn L. Middleton v. United States of America*, 6:13-cv-00002 (W.D. Va.) (Dismissed pursuant to motion by Moon, J. and imposed pre-filing restrictions);
> *Evelyn Middleton v. U.S. Department of Labor*, 6:13-mc-00002 (W.D. Va.) (Motion to File Complaint filed August 16, 2013 and denied August 22, 2013);
> *Evelyn L. Middleton v. U.S. Department of Labor*, 6:15-mc-00004 (W.D. Va.) (Motion to File Complaint filed June 8, 2015 and denied July 16, 2015);
> *Evelyn L. Middleton v. U.S. Department of Labor*, 6:15-mc-00005 (W.D. Va.) (Motion to File Complaint filed July 31, 2015 and denied August 3, 2015);
> *Evelyn L. Middleton v. U.S. Department of Labor*, 6:15-mc-00006 (W.D. Va.) (Motion to File Complaint filed August 20, 2015 and denied September 16, 2015);
> *Evelyn Middleton v. U.S. Department of Labor*, 6:17-mc-00001 (W.D. Va.) (Motion to File Complaint filed April 10, 2017 and denied April 12, 2017);
> *Evelyn Middleton v. U.S. Department of Labor*, 6:17-mc-00004 (W.D. Va.) (Motion to File Complaint filed April 18, 2017 and denied April 21, 2017);
> *Evelyn L. Middleton v. U.S. Department of Labor*, 6:17-mc-00005 (W.D. Va.) (Motion to File Complaint filed April 26, 2017 and denied May 2, 2017).

Ms. Middleton filed her complaint in this District on May 10, 2017 and amended her complaint twice, once as of right and once with leave of the Court. *See* Compl., ECF No. 11; Minute Orders (Aug. 30, 2017 and Dec. 7, 2017). The DOL filed a motion to dismiss the Second Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim on which relief can be granted. Mot. to Dismiss, ECF No. 25. The DOL asserts that (1) relief is barred by the doctrines of sovereign immunity and *res judicata*, (2) Ms. Middleton failed to state a claim under ERISA and the FTCA, and (3) the action is barred by the ERISA statute of limitations. *Id.* at 1, ¶ 1. After the DOL's motion to dismiss became ripe for adjudication, Ms. Middleton moved for summary judgment. Mot. for Summ. J., ECF No. 30.

## II.

A party may move to dismiss a complaint, or a specific count therein, on the ground that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of

the claim showing that the pleader is entitled to relief." This requires the complaint to contain sufficient factual allegations that, if true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is insufficient if it merely offers "'labels and conclusions'" or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 546). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility "asks for more than a sheer possibility that a defendant has acted unlawfully," *id.*, and pleading facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility." *Twombly*, 550 U.S. at 545-46.

In evaluating a motion to dismiss pursuant to Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all reasonable factual inferences drawn from well-pled factual allegations. *See In re United Mine Workers of Am. Emp. Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994). The Court must also construe a *pro se* complaint liberally when considering a motion to dismiss. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the Court does not accept as true legal conclusions or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Last, "[i]n determining whether a complaint fails to state a claim, [the Court] may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice." *Hurd v. District of Columbia Gov't*, 864 F.3d 671, 678 (D.C. Cir. 2017) (quoting *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997)).

4

"*Res judicata* may be raised in a 12(b)(6) motion to dismiss for failure to state a claim when the defense appears on the face of the complaint and any materials of which the court may take judicial notice." *Sheppard v. District of Columbia*, 791 F. Supp. 2d 1, 5 n.3 (D.D.C. 2011). Although *res judicata* is typically raised as an affirmative defense, it may serve as the basis for a 12(b)(6) dismissal when "all relevant facts are shown by the court's own records, of which the court takes notice." *Hemphill v. Kimberly-Clark Corp.*, 530 F. Supp. 2d 108, 111 (D.D.C. 2008). A court may take judicial notice of public records from other proceedings. *Covad Comms. Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005).

"A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't. Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). *Res judicata* precludes further litigation of a cause of action "if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final judgment on the merits, (4) by a court of competent jurisdiction." *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006).

To determine whether the prior litigation involved the same claims or cause of action under the first prong of *Smalls*, a court reviews whether the actions "share the same 'nucleus of facts.'" *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984). This involves determining "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Stanton v. D.C. Ct. of Appeals*, 127 F.3d 72, 78 (D.C. Cir. 1997) (quoting Restatement (Second) of Judgments § 24(2) (1982)). Under the second prong of the *Smalls* test, a plaintiff need not name the exact same defendant in order for *res judicata* to

preclude litigation. Importantly for this case, federal agencies are in privity with the United States Government for purposes of *res judicata*, meaning that a previous lawsuit against any federal agency can have a preclusive effect on all future litigation against the Government. *See Mervin v. FTC*, 591 F.2d 821, 830 (D.C. Cir. 1978) (barring a lawsuit against the Federal Trade Commission under *res judicata* when the previous litigation with preclusive effect named the Civil Service Commission as the defendant). Additionally, a previous action that resulted in a dismissal under Rule 12(b)(6) for failure to state a claim "presents a ruling on the merits with a *res judicata* effect" for the purposes of the final judgment requirement under *Smalls*. *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).

### III.

### A.

All prongs of the *Smalls* test are satisfied here. As to the first prong, Ms. Middleton's allegations arise from the same "nucleus of facts" as the allegations in *Evelyn Middleton v. United States of America*, No. 6:12-cv-00041, 2012 WL 5426842 (W.D. Va. Nov. 7, 2012) (the "W.D. Va. Dismissal") and *Evelyn L. Middleton v. United States of America*, 4:12-cv-00129 (E.D. Va. Sep. 14, 2012) (the "E.D. Va. Dismissal"). In ordering the W.D. Va. Dismissal, Judge Moon recounted Ms. Middleton's factual claims regarding her contact with DOL benefits adviser John Miller and a letter that she received from DOL regarding her rights under ERISA. W.D. Va. Dismissal at *1-2. Judge Moon also emphasized that in previous cases, she pled allegations regarding her "former employment and the withdrawal of monies from her 403(b) retirement savings account." *Id*. at *1. These are the same allegations as in Ms. Middleton's current action. SAC 6, ¶ 15 (describing Ms. Middleton's interactions with John Miller and a letter received from

DOL); *id.* at 1 ¶¶ 1-2 (alleging that DOL unlawfully withheld monies from her retirement account).

In the E.D. Va. Dismissal, Judge Davis' Rule 12(b)(6) order noted that Ms. Middleton argued fraud and the use of fictitious names by DOL officials, which is repeated in this action. *Compare* E.D. Va. Dismissal Order at 2 (Sept. 14, 2012), ECF No. 6 *with* SAC 6, ¶ 15; *id.* at 13, ¶ 4 (alleging that DOL official Jane Smith falsely identified herself as Virginia Smith). Ms. Middleton's factual assertions clearly arise out of the same nucleus of facts as the W.D. Va. and E.D. Va. Dismissals. And to the extent that Ms. Middleton tweaks her legal basis for relief from previous cases—which does not appear to be the case—her ability to litigate this matter still is foreclosed because she had the opportunity to raise those legal entitlements in past actions. *See NRDC v. Thomas*, 838 F.2d 1224, 1235 (D.C. Cir. 1988) (holding that r*es judicata* "bars re-litigation not only as to all matters which were determined in the previous litigation, but also as to all matters that might have been determined").

The only event that occurred subsequent to the W.D. Va. and E.D. Va. Dismissals and therefore could not have been previously raised was Ms. Middleton's correspondence with DOL benefits adviser Shofall Jindal. This, however, does not save her action because she has not sufficiently pled any misconduct by Mr. Jindal. As Ms. Middleton describes the events, Mr. Jindal attempted to assist her in finding her alleged lost money by directing her to the Virginia Unclaimed Property program. SAC 9-10, ¶ 34. These references to Mr. Jindal, therefore, do not form any cognizable cause of action. The only facts alleged in the Second Amended Complaint upon which Ms. Middleton's claim is based are "related in time, space, origin, or motivation" to the previously dismissed lawsuits in the Western and Eastern Districts of Virginia. *See Stanton*, 127 F.3d at 78.

The other prongs of the *res judicata* test are easily satisfied. Ms. Middleton brought both the W.D. Va. and E.D. Va. Dismissals against the United States, and since a federal agency is in privity with the United States for purposes of *res judicata*, the second prong is fulfilled. *See Mervin*, 591 F.2d at 830. The dismissals for failure to state a claim in the Western and Eastern Districts of Virginia actions are considered final judgments on the merits under the standard articulated in *Haase v. Sessions*, satisfying the third prong. *See* 835 F.2d at 906.

Finally, under the fourth prong of the *Smalls* test, the previous court must have had "competent jurisdiction" to decide the case. The Western and Eastern Districts of Virginia are unquestionably competent courts with full subject matter jurisdiction to decide a dispute between a federal agency and a citizen alleging violations of ERISA and the FTCA. *See, e.g., Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (holding that an ERISA claim can be removed to federal court); *FDIC v. Meyer*, 510 U.S. 471, 477 (1994) (asserting that the FTCA grants federal district courts jurisdiction over the causes of action recognized by the Act). Indeed, these courts are the most obvious venues for Ms. Middleton's cause of action given her residence in the Commonwealth of Virginia; one wonders whether her decision to now cross the Potomac River was motivated by her repeated failure to convince her home courts of the merits of her case and their eventual imposition of pre-filing restrictions upon her. Because all prongs of *Smalls* are satisfied, *res judicata* precludes further litigation of this matter.

Notably, Ms. Middleton offers no response to the DOL's *res judicata* defense in her opposition to the DOL's motion. *See generally* Mot. in Opp'n to Def.'s Mot. to Dismiss, ECF No. 26. Her only comment about the DOL's argument perfunctorily stated that she "is not asking the [Court] to relitigate any cases from the Eastern District of Virginia." *Id.* at 6. She does not refer or acknowledge any of the multiple closed cases in the Western District of

Virginia, nor submits any substantive argument as to why this case differs from any of the previous cases. Even construing her Second Amended Complaint liberally given her status as a *pro se* litigant, Ms. Middleton alleges no additional facts or claims that have not been covered by the prior final judgments.

B.

Even if her case was not doomed by *res judicata*, it must be dismissed because Ms. Middleton has failed to state a claim under both ERISA and the FTCA. *See* SAC 1, ¶ 11. ERISA is a federal statute that provides protections for individuals enrolled in employee benefit plans by imposing certain standards and fiduciary duties on the administrators of those plans. *Aetna Health*, 542 U.S. at 208. Although Ms. Middleton attempts to make a claim against the DOL under ERISA Section 510, this Section only allows a claim to be brought against "persons." 29 U.S.C. § 1140 (codifying Pub. L. No. 93-406, Title I § 510); SAC 1, ¶ A. A "person" for purposes of Section 510 is defined as "an individual, partnership, joint venture, corporation, mutual company, joint-stock company, trust, estate, unincorporated organization, association, or employee organization." 29 U.S.C. § 1002(9) (codifying Pub. L. No. 93-406, Title I § 3). This does not include government entities, and therefore, no cause of action can be brought against the United States under ERISA Section 510 unless the Government is the plaintiff's employer, a fact that Ms. Middleton has not alleged. *See Pa. Dep't of Public Welfare v. Quaker Med. Care & Survivors Plan*, 836 F. Supp. 314, 318 (W.D. Pa. 1993) ("Congress did not include governmental agencies within its specifically defined list of persons, and only 'persons' can be beneficiaries.").

The DOL also owes no fiduciary duties to Ms. Middleton under ERISA. The statute defines fiduciaries as only those persons who exercise authority or control with respect to an

ERISA investment plan. 29 U.S.C. § 1002(21). The DOL exercised no such authority or control over her retirement plan here. The extent of the DOL's relationship with Ms. Middleton was receiving the complaint she filed against Centra Health and American General Company for alleged mishandling of her retirement account. *See West v. Butler*, 621 F.2d 240, 245 (6th Cir. 1980) (noting that the purpose of ERISA Section 510 is to prevent "unscrupulous employers from discharging or harassing their employees in order to keep them from obtaining vested pension rights"). Therefore, with respect to Ms. Middleton, the DOL is merely a third party which could not have breached the fiduciary duties defined by ERISA.

Ms. Middleton also fails to state a claim under the FTCA, which "remove[s] the sovereign immunity of the United States from suits in tort" and "render[s] the Government liable in tort as a private individual would be under like circumstances." *See Richards v. United States*, 369 U.S. 1, 6 (1962). To bring a tort claim against the United States under the FTCA, a plaintiff must first exhaust administrative remedies through the relevant federal agency's adjudicatory system. 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 112 (1993) (holding that the FTCA "require[s] complete exhaustion of Executive remedies before invocation of the judicial process"). Ms. Middleton has not alleged that she filed any administrative claims since the E.D. Va. Dismissal. Mot. to Dismiss 13. Therefore, to the extent that Ms. Middleton has raised any new claims not already barred by *res judicata*, those claims are not actionable under the FTCA given her failure to exhaust administrative remedies.

## IV.

Ms. Middleton has an extensive history of filing repetitive lawsuits in other districts. As a result, both the Western and Eastern Districts of Virginia have imposed pre-filing review requirements. *Evelyn L. Middleton v. United States of America*, No. 6:13-cv-00002, 2013 WL

1898146, *2-3 (W.D. Va. May 7, 2013); Dismissal Order and Order Implementing System of Pre-Filing Review, *Evelyn L. Middleton v. United States of America*, No. 4:11-cv-00142 at 2-3 (E.D. Va. Dec. 6, 2011), ECF No. 24. This Court likewise will not tolerate repetitive litigation that is frivolous and a clear attempt to circumvent the orders in other districts. *See, e.g.*, *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (characterizing a case as malicious if it is duplicative of a prior federal court proceeding). Frivolous and repetitive lawsuits divert scarce judicial resources from other litigants who await their own day in court.

This Court, therefore, will order the following pre-filing restrictions. Ms. Middleton is not permitted to file any actions in the District Court for the District of Columbia related to this matter (*i.e.*, her retirement account or the handling of her complaints about the account by any individual, the Department of Labor, or the United States), without pre-authorization from a judge in this District upon a finding that the case could be meritorious rather than repetitive. *See Middleton*, 2013 WL 1898146 at *2-3. If Ms. Middleton wishes to file a related action, she shall submit to the Clerk of the Court a motion requesting leave to file the complaint, the proposed complaint, and a copy of the Order accompanying this Memorandum Opinion. The Clerk of Court shall docket the submission in a miscellaneous action. A judge in this District then will determine whether leave to file the action should be granted, whether the miscellaneous action should be closed, or whether a civil action should be opened and assigned to a judge for further proceedings. If a judge in this District approves the filing and it is later determined that the complaint is baseless or repetitive, Ms. Middleton may be subject to sanctions, as justice so dictates, after being given an opportunity to show cause.

11

## V.

For the foregoing reasons, the Defendant's Motion to Dismiss will be granted and the Second Amended Complaint will be dismissed with prejudice. The Plaintiff's Motion for Summary Judgment will be dismissed as moot, and pre-filing restrictions will be implemented. A separate order will issue.

Dated: July 10, 2018

TREVOR N. MCFADDEN
United States District Judge